# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES E. SUTTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05 C 7177 |
| INTERNAL REVENUE SERVICE, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks judicial review of the Internal Revenue Service's ("IRS" or "Defendant") response to his request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff's request sought "all underlying files, work papers, and documents pertaining to IRS notice of deficiency and review of ["Plaintiff's] offer of compromise" for the 2000 tax year. Defendant turned over most of the documents responsive to this request but withheld other responsive material claiming that it was exempt from disclosure under FOIA. Plaintiff filed this action under §552(a)(4)(B) to compel Defendant to produce any agency records improperly withheld.

Defendant now moves for summary judgment on the ground that it has produced all non-exempt documents responsive to Plaintiff's FOIA request. Plaintiff responds that Defendant has not proved that the documents are exempt from disclosure or, in the alternative, that this Court should review the documents in camera to determine whether they are exempt. This Court finds that Defendant's declarations describe the documents withheld and the justifications for nondisclosure in enough detail that no in camera inspection is necessary. Also, this Court finds that the material withheld falls within the exemptions claimed.

## Background Facts

In March 2002, the IRS notified Plaintiff that it was investigating the $44,847.00 alimony deduction claimed on his year 2000 tax return. The IRS subsequently determined that Plaintiff's payment to his wife was a property settlement, not alimony, and denied his claimed deduction. The IRS also assessed a penalty due to Plaintiff's alleged reckless or intentional disregard for the Internal Revenue Code ("the Code"). Plaintiff made an Offer in Compromise on August 27, 2002, an offer that the IRS rejected on April 19, 2004.

On August 2, 2004, Plaintiff submitted a FOIA request to Defendant for "all underlying files, work papers, and documents pertaining to IRS notice of deficiency and review of [Plaintiff's] offer of compromise." The IRS located 530 pages of responsive documents, and produced 466 pages in whole or in part. The records the IRS is withholding contain three general categories of information: return information of persons other than Plaintiff (third-party taxpayers), discriminant function ("DIF") scores and personal information of third parties or IRS personnel.

## DISCUSSION

FOIA requires an agency "upon any request for records which . . . reasonably describes such records . . . [to] make the records promptly available." 5 U.S.C. § 552(a)(3). In this way, FOIA allows citizens to peek behind the curtain and find out "what their government is up to." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) ("*Reporters Comm.*"); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998) (FOIA serves the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society"). A federal district court has jurisdiction under FOIA to "order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

Although "disclosure, not secrecy, is the dominant objective of [FOIA]," FOIA provides a number of exemptions to its disclosure requirement. *Department of Air Force v. Rose*, 425 U.S. 352, 360-361 (1976). The burden is on the government agency to establish that the withheld information should be excepted from disclosure. 5 U.S.C. § 552(a)(4)(B); *see Rose*, 425 U.S. at 360-361 (FOIA embodies "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language"). A district court determines de novo whether any claimed exemptions apply. *Id.* The court has discretion to review the withheld documents, in camera, to make this determination. *Id.* An in camera review, however, is unnecessary when the agency submits affidavits which "(1) describe the withheld documents and the justifications for non-disclosure with reasonably specific detail, (2) demonstrate that the information withheld falls logically within the claimed exemption, and (3) are not controverted by either contrary evidence in the record or by evidence of bad faith."[1] *Stein v. Department of Justice and Federal Bureau of Investigation*, 662 F.2d 1245, 1253 (7th Cir. 1981).

The IRS has withheld material under one or more of FOIA exemptions 3, 6 and 7. *See* 5 U.S.C. § 552(b)(3), (6), and (7). Exemption 3 restricts the disclosure of material which is specifically protected from disclosure by another statute. *See* 5 U.S.C. § 552(b)(3). Exemption 6 prohibits the disclosure of personnel and medical files and similar files when it would constitute a clearly unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(6). Exemption 7 provides a limited exemption for the disclosure of records or information compiled for law enforcement purposes. *See* 5 U.S.C. § 552(b)(7).

---

[1] Defendant's declarations – made under penalty of perjury and attesting to the truth of the facts contained therein – satisfy Rule 56(e)'s requirement that factual assertions be made in an affidavit. *See* 28 U.S.C. § 1746; *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996).

**I.     Exemption 3**

FOIA does not apply to information that is specifically exempted from disclosure by another statute; "provided that the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Section 6103 of the Code falls within Exemption 3 because "[i]t establishes particular criteria for withholding information in subsections (b)-(o), and particular types of matters to be withheld in subsection (b)(2)." *King v. I. R.S.*, 688 F.2d 488, 496 (7th Cir. 1982). Defendant contends that § 6103(a) and 6103(b)(2), in conjunction with FOIA Exemption 3, exempt from disclosure the return information of third-party taxpayers and the DIF methodology and scores used by Defendant to identify which tax returns should be examined or audited. Section 6103(a) of the Code provides that tax returns and return information shall be kept confidential. 26 U.S.C. § 6103(a). Section 6103(b)(2) defines "return information" and exempts from disclosure "standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws." 26 U.S.C. § 6103(b)(2).

**A.     Third-Party Taxpayer Return Information**

Defendant is withholding thirty-seven pages in full and four pages in part pursuant to FOIA Exemption 3 in conjunction with § 6103(a). The withheld information on these pages is: (1) Internal Data Retrieval System[2] ("IDRS") information pertaining to third-party taxpayers including

---

[2] IDRS contains information pertaining to returns filed by taxpayers and information submitted with respect to taxpayers by third parties (such as Forms W-2 by employers, Forms 1099 filed by financial institutions, etc.).

information obtained through the Individual and Business Master File; (2) Form 9984 (Examining Office's Activity Record) where the information contains the return information of a third-party taxpayer; and (3) information found on Form 886A that contains the return information of a thirdparty taxpayer. (Declaration of Mary Ellen Keys, ¶¶ 5-6.)

As a "general rule," the Code requires that returns and return information shall be confidential and that no person with access to such information may disclose it. 26 U.S.C. § 6103(a). The Code defines "return information" broadly:

> **(2) Return information.** – The term "return information" means–
>
> **(A)** a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,
>
> **(B)** any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110,
>
> . . . .
>
> but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer. Nothing in the preceding sentence, or in any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws.

26 U.S.C. § 6103(b)(2). Defendant's declaration describes with reasonable detail each of documents withheld. And although the description of the material as third-party return information is somewhat conclusory, the declarations are not controverted by either contrary evidence in the record or by evidence of bad faith.[3] Since Plaintiff is not listed in § 6103(e) as a person authorized to receive the return information nor has the information been "changed in form, by amalgamation with data from other taxpayers to form statistical tabulations or studies," the information of third-party taxpayers is specifically exempted from disclosure under the Code. *King v. I.R.S.*, 688 F.2d 488, 491-92 (7th Cir. 1982) (interpreting the first sentence of the final clause in 26 U.S.C. § 6103(b)(2)). Because § 6103(a) and (b)(2) require that the matters be withheld from the public in such a manner as to leave no discretion on the issue, FOIA Exemption 3 applies to the third-party taxpayer return information.

### B. Discriminant Function Scores

Section 6103(b)(2) exempts from disclosure "standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws." 26 U.S.C. § 6103(b)(2). The Secretary has delegated his authority to determine whether disclosure of particular information will impair the agency's efforts to an extensive list of IRS' officials including Charles B. Christopher, Chief, Branch 1, Office of Assistant Chief Counsel, Disclosure and Privacy Law. (Declaration of Charles B. Christopher, Exhibit A.) On pages 75, 86, 87 and 92 of the documents responsive to Plaintiff's request is information regarding the IRS' DIF scores. (Declaration of Charles B. Christopher, ¶ 5.) DIF scoring is the

---

[3] It would seem considerably easier for an agency to submit the documents for in camera review than going through the task of drafting sufficient affidavits, particularly when the withheld documents are limited in number.

method used by the IRS to identify tax returns that should be examined or audited. Defendant compiled the DIF scores and recorded them in their IDRS Individual Master File pertaining to Plaintiff.

Pursuant to the authority delegated him under Delegation Order 11-2, Mr. Christopher has determined that "release of the [DIF] information . . . would necessarily disclose techniques and procedures for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Declaration of Charles B. Christopher, ¶ 6); (*see id.*, ¶ 10) ("[R]elease of the DIF scores would disclose criteria used by the Service for examination purposes thereby affording subjects of examination with knowledge that might allow them to circumvent examination by the Service"). Additionally, none of the information on these pages can be segregated out because disclosure of the IDRS information in its entirety would necessarily disclose the DIF scores. (*Id.*, ¶ 5.) Given that an unscrupulous taxpayer could use DIF information to avoid examination or audit, the determination that disclosure of the DIF scores would seriously impair assessment, collection, or enforcement under the internal revenue laws is not arbitrary and capricious. *See King*, 688 F.2d at 496 (decision to withhold documents under § 6103 may not be arbitrary and capricious); *Gillin v. I.R.S.*, 980 F.2d 819, 822 (1st Cir. 1992) (finding DIF scores exempt from disclosure under § 552(b)(3) and § 6103); *Long v. I.R.S.*, 891 F.2d 222, 224 (9th Cir. 1989) (same). Accordingly, all information related to Defendant's DIF scoring is exempted from disclosure under Exemption 3.[4]

---

[4] Exemption 7(E) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Because

## II. Exemption 7(C) and 6

Defendant has withheld the personal information of third parties and IRS personnel under Exemptions 7(C) and 6. In particular, Defendant has withheld: (1) a National Comprehensive Report compiled with respect to James E. Sutton that reveals information pertaining to third-party taxpayers; (2) a Real Property Database Search results information that contain the personal information of third-party taxpayers; (3) Personal Property Database results information that contain the personal information of third-party taxpayers; (4) Corporate Records Database information that contain the personal information of third-party taxpayers; (5) ChoicePoint Online Database results information that contain the personal information of third-party taxpayers; (6) IRS Letter 1031 that contains the personal information of a third-party taxpayer as well as the personal information of a Service employee. (Declaration of Mary Ellen Keys, ¶ 12.)

Exemptions 7(C) and 6 generally protect against disclosure of information that would result in an unwarranted invasion of personal privacy. Exemption 7 shelters "records or information compiled for law enforcement purposes," when the production of the information may result in one of six enumerated harms. 5 U.S.C. § 552(b)(7)(A)-(F). Thus, the withholding agency must prove both the threshold law enforcement purpose plus the danger that at least one of the specified harms may result from disclosure. *See FBI v. Abramson,* 456 U.S. 615, 622 (1982). FOIA Exemption 7(C) specifically allows for the withholding of documents that were compiled for law enforcement purposes where release "could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties or Service personnel." 5 U.S.C. § 552(b)(7)(C). Exemption 6 states

---

Defendant has shown that the records were complied for law enforcement purposes, *see supra* II., and their disclosure could reasonably be expected to risk circumvention of the law, the DIF scores are protected from disclosure by FOIA Exemption 7(E) in addition to Exemption 3.

that FOIA does not apply to matters that are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Although similar, "Exemption 7(C) is more protective of privacy than Exemption 6: The former provision applies to any disclosure that 'could reasonably be expected to constitute' an invasion of privacy that is 'unwarranted,' while the latter bars any disclosure that 'would constitute' an invasion of privacy that is 'clearly unwarranted.'" *U.S. Dept. of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 496 n.6 (1994) ("*USDOD*"). Thus, if Defendant can establish that the material was compiled for law enforcement purposes it must satisfy only the lower withholding standard in Exemption 7(C).

The IRS has been recognized as a law enforcement agency for purposes of FOIA.[5] *See Becker v. I.R.S.*, 34 F.3d 398, 404 (7th Cir. 1994); *Lewis v. I.R.S.*, 823 F.2d 375, 379 (9th Cir. 1987) (holding that IRS has "the requisite law enforcement mandate" to satisfy FOIA Exemption 7); *White v. I.R.S.*, 707 F.2d 897, 901 (6th Cir.1983). But unlike in other circuits, just because the IRS is a law enforcement agency does not automatically mean that the documents were compiled for a law enforcement purpose. *See Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 550 (6th Cir. 2001) ("This court has adopted a per se rule under which any documents compiled by a law enforcement agency fall within the first part of the section 552(b)(7) exception"). In *Patterson v. I.R.S.*, 56 F.3d 832, 833-34 (7th Cir. 1995), the IRS gathered documents in connection with the investigation of the plaintiff and other IRS employees for possible violations of the Rules of Conduct and federal Equal

---

[5] Defendant references the 1986 Amendments to FOIA. One of those amendments replaced "investigatory records" with the term "documents or information" in Exemption 7. Pub. L. No. 99-570, § 1802(a). While this amendment broadened the scope of material exempt under Exemption 7, the change in language is not relevant to whether said material was compiled for "a law enforcement purpose."

Employment Opportunity statutes. In finding that the IRS' affidavits did not establish a law enforcement purpose, the Seventh Circuit stated that "[b]ecause the IRS was allegedly participating in a law enforcement investigation as an employer under the 'Equal Employment Opportunity statutes,' rather than as an agency enforcing the revenue laws, it is not completely obvious that it was proceeding with an 'enforcement purpose.'" *Id.* at 837. By implication, whenever the IRS is enforcing the revenue laws, it is completely obvious that it is proceeding with an enforcement purpose.

Even if there are circumstances where this implication is not true, the IRS was acting with a law enforcement purpose in compiling the documents sought by Plaintiff. The IRS investigated whether Plaintiff violated the Code when he claimed a $44,847.00 alimony deduction on his year 2000 tax return. After an investigation, the IRS determined that Plaintiff had claimed the alimony deduction wrongly and assessed him a penalty for his reckless or intentional disregard for the Code. Such an investigation and adjudication reflect the quintessential role of the IRS in enforcing the revenue laws.

Having found that the documents were compiled for a law enforcement purpose, the next question is whether disclosure of information contained therein "could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties or Service personnel." 5 U.S.C. § 552(b)(7)(C). In answering this question, "a court must balance the public interest in disclosure against the interest Congress intended the Exemption to protect." *Reporters Comm.*, 489 U.S. at 776. This balancing test applies to both Exemption 7(C) and Exemption 6, differing only "in the magnitude of the public interest that is required to override the respective privacy interested protected by the exemptions." *See USDOD*, 510 U.S. at 496 n.6; *Maroscia v. Levi*, 569 F.2d 1000,

1002 (7th Cir. 1977). A higher public interest is necessary to overcome the privacy interest in Exemption 7(C). *Id.*

The interest in nondisclosure of the personal information of third-party taxpayers and IRS personnel must be balanced against "the only relevant public interest in the FOIA balancing analysis – the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *USDOD*, 510 U.S. at 497 (internal quotations omitted); *see Rose*, 425 U.S. at 372 (requiring courts to balance "the individual's right of privacy against the preservation of the basic purpose of [FOIA] to open agency action to the light of public scrutiny"). The third-party taxpayers and IRS personnel have an interest in maintaining the privacy of their personal information. *See United States Dep't of Navy v. Federal Labor Relations Auth.,* 975 F.2d 348, 353 (7th Cir. 1992). But more important, none of their personal information will give Plaintiff a greater understanding of how the agency is performing its duties. *See USDOD*, 510 U.S. at 497 (finding that the public interest in the disclosure of addresses of union members was "negligible, at best"); *Reporters Comm.*, 498 U.S. at 774 (FOIA's goal is "that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed") (emphasis in original); *Becker*, 398 F.3d at 404 (upholding privacy interest of IRS employees in non-disclosure of their information). The balance therefore tips strongly in favor of withholding the personal information of third-party taxpayers and IRS personnel.

**Conclusion and Order**

Defendant's declarations describe the withheld documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld falls logically

11

within the claimed exemptions, and are not controverted by either contrary evidence in the record or by evidence of bad faith. Defendant's Motion for Summary Judgment is granted. Plaintiff's Motion to Compel and Plaintiff's Motion for In Camera Inspection are denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: January 4, 2007